IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MAURISA TILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | )   No. 5:20-CV-01204 |
| v. | ) |
| | ) |
| STEADFAST INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332 and 1446, defendant Steadfast Insurance Company ("Steadfast") hereby gives notice and removes this case to the United States District Court for the Western District of Texas, San Antonio Division. Steadfast represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

**BASIS FOR REMOVAL**

Steadfast is a defendant in a state court case in which plaintiff Maurisa Tillman ("Tillman") alleges entitlement to certain insurance benefits. *See* Plaintiff's Second Amended Original Petition, attached hereto as **Exhibit A**.

Steadfast is a corporation, incorporated and with its principal place of business in the state of Delaware. Steadfast is a citizen of Delaware, not Texas. Tillman is an individual who is citizen of the state of Texas. Steadfast and Tillman are thus citizens of different states. Tillman alleges more than $1,000,000 in damages. *See* Ex. A at ¶ 6. Tillman served

1

Steadfast with Plaintiff's Second Amended Original Petition within 30 days of this filing. Prior to being served with Plaintiff's Second Amended Original Petition, Steadfast had not been served with any pleading or papers that would show a basis for removal to this Court.

This Notice of Removal is timely filed, as it is being filed within thirty days after service of a summons and Plaintiff's Second Amended Original Petition upon Steadfast as required by 28 U.S.C. § 1446(b).

As required by 28 U.S.C. § 1446(a), a copy of all records and proceedings from Bexar County, Texas, are attached hereto as exhibits or will be timely supplemented. **Exhibit A** is Plaintiff's Second Amended Original Petition. In accordance with 28 U.S.C. § 1446(d), Steadfast filed written notice of this removal with the Clerk of the Court of Bexar County, Texas. A copy of this Notice of Removal and the written notice of the same also are being served upon Tillman.

**EFFECTUATION OF REMOVAL**

Removal is proper under 28 U.S.C. §§ 1332 and 1441 because the amount in controversy, exclusive of interest and costs, exceeds $75,000 and the action is between citizens of different states. Steadfast thus hereby removes this action to the United States District Court for the Western District of Texas, San Antonio Division. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the Western District of Texas, San Antonio Division, is the district in which Plaintiff's Second Amended Original Petition was filed.

WHEREFORE, Steadfast Insurance Company hereby removes this action to the United States District Court for the Western District of Texas, San Antonio Division.

Dated: October 12, 2020.

Respectfully submitted,

/s/ William Akins
William J. Akins
State Bar No. 24011972
Bradley B. Bush
State Bar No. 24057787
bradley.bush@fisherbroyles.com
Telephone: (512) 766-6226
FISHERBROYLES LLP
100 Congress Ave. Suite 2000
Austin, Texas 78701
Telephone: (214) 924-9504
william.akins@fisherbroyles.com

Bryan D. Pollard
State Bar No. 00795592
FISHERBROYLES, LLP
Highland Park Place
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
E-Mail: bryan.pollard@fisherbroyles.com
Telephone: (214) 984-7153
Facsimile: (214) 279-7192

ATTORNEYS FOR DEFENDANT

# EXHIBIT A

PRIVATE PROCESS

Case Number: 2020-CI-11934

2020CI11934 S00002

**MAURISA TILLMAN**
**VS.**
**YORK RISK SERVICES GROUP INC**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
166th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

# CITATION

"THE STATE OF TEXAS"

Directed To:  STEADFAST INSURANCE COMPANY      9/16

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and SECOND AMENDED PETITION AND REQUEST FOR DISCLOSURE , a default judgment may be taken against you." Said SECOND AMENDED PETITION AND REQUEST FOR DISCLOSURE  was filed on the 9th day of September, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 10TH DAY OF SEPTEMBER A.D., 2020.

PAULA A WYATT
ATTORNEY FOR PLAINTIFF
21 LYNN BATTS LANE 10
SAN ANTONIO, TX 78218



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Laura Castillo*, Deputy

---

MAURISA TILLMAN
VS
YORK RISK SERVICES GROUP INC

**Officer's Return**

Case Number: 2020-CI-11934
Court: 166th Judicial District Court

I received this CITATION on __9-15-2020__ at __2:33__ o'clock __P__ M. and:(✓) executed it by delivering a copy of the CITATION with attached SECOND AMENDED PETITION AND REQUEST FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock __M. at:_____ or ( ) not executed because _____

Fees:_____  Badge/PPS #: __5545__  Date certification expires: __8-31-2022__

_____ County, Texas

By: *Kenneth L. Droddy*

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

Declarant

ORIGINAL (DK002)

FILED
9/9/2020 12:06 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Brenda Carrillo

Case 5:20-cv-01204 Document 1 Filed 10/12/20 Page 6 of 11

CAUSE NO. 2020CI11934

| | | |
|---|---|---|
| MAURISA TILLMAN, *Plaintiff*, | § § § § | IN THE DISTRICT COURT |
| v. | § § § | 166th JUDICIAL DISTRICT |
| STEADFAST INSURANCE COMPANY, *Defendant*. | § § § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Maurisa Tillman files this, Plaintiff's Second Amended Original Petition and Request for Disclosure, complaining of Defendant Steadfast Insurance Company.

## I.
## DISCOVERY

1. Plaintiff intends to conduct discovery in this suit under Level Three, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

## II.
## PARTIES

2. **Plaintiff.** Maurisa Tillman ("Plaintiff") is a natural person and at all times relevant to this cause of action has been and continues to be a resident of San Antonio, Bexar County, Texas.

3. **Defendant.** Steadfast Insurance Company ("Steadfast") is an insurance company in good standing with the Texas Department of Insurance, which underwrites and sell policies of auto insurance in the State of Texas. Steadfast may be served with service of process to its registered agent, Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701.

## III.
## JURISDICTION & VENUE

4. Jurisdiction is proper before this Court because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

5. Venue is proper in Bexar County, Texas, pursuant to Texas Insurance Code §1952.110 because Plaintiff resided in Bexar County at the time of the accident involving the underinsured motor vehicle. Venue is also proper in Bexar County, Texas, pursuant to Texas Civil Practice & Remedies Code §15.032 because Plaintiff — the policyholder or beneficiary instituting the suit — resided in Bexar County at the time the cause of action accrued.

6. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff asserts that she is seeking monetary relief of more than $1,000,000.00.

## IV.
## FACTS

7. On September 22, 2018, Plaintiff was safely driving for Lyft in her 2014 Nissan Altima ("Plaintiff's vehicle") traveling northbound through the intersection of Fiesta Trails and De Zavala Road in San Antonio, Bexar County, Texas. At the same time, an underinsured driver — tortfeasor Brian Sterling — disregarded a red traffic light and collided into the driver side of Plaintiff's vehicle as she proceeded through the intersection. As a result of the collision and the tortfeasor's negligence, Plaintiff suffered severe and debilitating injuries and damages.

8. Defendant Steadfast insured Plaintiff's vehicle at the time of the incident.

9. Due to injuries sustained in this collision, Plaintiff required substantial medical treatment and incurred significant medical expenses. Plaintiff needs future medical treatment and will incur associated future medical expenses.

10. Tortfeasor Brian Sterling's negligence proximately caused the collision and Plaintiff's resulting injuries and damages.

11. Prior to September 22, 2018, Defendant Steadfast issued Lyft an insurance policy protecting against loss caused by bodily injury and property damages caused from the ownership, maintenance, or use of an uninsured/underinsured motor vehicle (Policy No. BAP 4281401-02). Such policy was in full force and effect on September 22, 2018. Maurisa Tillman was a covered person under such policy, as Ms. Tillman was conducting a passenger trip for Lyft at the time of the incident.

12. Plaintiff notified Defendant Steadfast of her loss, and Defendant requested more information. Plaintiff provided additional information to Defendant and continues to do so. However, since learning that the driver who struck Plaintiff was underinsured, Defendant Steadfast has refused to fairly pay Plaintiff's claim under the underinsured motorist provisions of the insurance policy under which she is a beneficiary, necessitating this action.

## V.
## CAUSES OF ACTION

**CLAIM UNDER THE UNIFORM DECLARATORY JUDGMENTS ACT (UDJA)**

13. An actual controversy has arisen and now exists between Plaintiff and Defendant Steadfast. Accordingly, Plaintiff seeks a declaratory judgment, as authorized by Chapter 37 of the Texas Civil Practice and Remedies Code: (1) declaring that she is entitled to recover from Defendant her damages resulting from the September 22, 2018, motor vehicle collision; (2) declaring that those damages fall within the coverage afforded her under Defendant's underinsured motorist insurance policy; and (3) specifying the amount of damages, attorney fees, interest, and court costs that Defendant is obligated to pay.

14. Such a declaration is necessary and appropriate at this time so that Plaintiff may ascertain her rights under the policy issued by Defendant.

3

15. In addition to the declaration, and as also authorized by Chapter 37, Plaintiff seeks recovery from Defendant Steadfast of Plaintiff's reasonable and necessary attorney's fees.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

16. Under the established common law and judicial precedent in the State of Texas, Defendant Steadfast owed Plaintiff a duty of good faith and fair dealing, due to the special relationship that exists between an insurance carrier and its insured.

17. Defendant is liable to Plaintiff because it breached its duty of good faith and fair dealing when it failed to attempt in good faith to investigate Plaintiff's claim or to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims.

18. Defendant's breach of its duty of good faith and fair dealing has caused Plaintiff to suffer damages, and it is for those damages that Plaintiff now sues along with additional interest for Defendant's delay in payment of Plaintiff's claim, as well as pre-judgment interest and post-judgment interest at the highest legal rate, and court costs.

## BREACH OF CONTRACT

19. Under the terms of Defendant Steadfast's policy — and specifically the underinsured coverage afforded thereunder to Plaintiff — Defendant has an obligation to provide payment to Plaintiff of all amounts that Plaintiff would have legally been entitled to recover as damages from tortfeasor Brian Sterling, the driver of the underinsured vehicle, because of the bodily injury that Plaintiff suffered in the collision.

20. After obtaining consent from Defendant Steadfast's claims administrator, York Risk Services, Plaintiff and other claimants settled with tortfeasor Brian Sterling's insurance provider, USAA, for the available policy limits.

21. Defendant breached the contract by failing to pay the amount demanded by Plaintiff on her covered claim.

## VI.
## DAMAGES

22. As a direct and proximate result of the collision and the tortfeasor's negligence, Plaintiff suffered severe bodily injuries to her back, neck and other parts of her body generally. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life.

23. As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

24. As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

25. As a further result, Plaintiff suffered a loss of income and a loss of earning capacity.

26. Plaintiff is entitled to recover pre-judgment and post-judgment interest as allowed by law.

27. Pursuant to Plaintiff's claim for UM/UIM benefits against Defendant, Plaintiff is also entitled to reasonable and necessary attorney's fees.

## VII.
## CONDITIONS PRECEDENT

28. All conditions precedent have been performed or have occurred to support Plaintiff's pleadings and causes of action.

## VIII.
## REQUEST FOR DISCLOSURE

29. Pursuant to Texas Rule of Civil Procedure 194, Defendant Steadfast is hereby

5

requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a-l).

## IX.
## REQUEST FOR JURY TRIAL

30. Plaintiff respectfully requests a trial by jury and has paid the jury fee.

## X.
## PRAYER

**WHEREFORE,** Plaintiff requests that Defendant be cited to appear and answer herein and that on final trial, Plaintiff have judgment against Defendant for:

1. Actual damages;

2. Reasonable and necessary attorney's fees;

3. Pre-judgment and post-judgment interest as allowed by law;

4. Costs of suit; and

5. Such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

WYATT LAW FIRM, PLLC.
21 Lynn Batts Lane, Suite 10
San Antonio, Texas 78218
Telephone: (210) 340-5550
Facsimile: (210) 340-5581

By: /s/ Paula A. Wyatt
**Paula A. Wyatt**
State Bar No. 10541400
**Gavin McInnis**
State Bar No. 13679800
**Louis E. Durbin**
State Bar No. 24078448
**George Deutsch**
State Bar No. 24087413

**ATTORNEYS FOR PLAINTIFF**